Filed 5/14/15  In re A.F. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.F., a Person Coming Under the Juvenile Court Law. | |
| SAN FRANCISCO HUMAN SERVICES AGENCY, Plaintiff and Respondent, v. M.J., Defendant and Appellant. | A143574 (City & County of San Francisco Super. Ct. No. JD13-3029) |

The mother of four-year-old A.F. appeals from the November 3, 2014, termination of her parental rights pursuant to Welfare and Institutions Code section 366.26. Appellant's sole challenge on appeal is that the court erred in terminating parental rights without properly complying with the Indian Child Welfare Act (ICWA), 25 United States Code section 1901 et seq. The respondent agency has submitted a letter implicitly acknowledging the failure to properly comply with ICWA, and stating: "Should the court find an ICWA violation, respondent agrees with appellant that the remedy should be a conditional reversal and remand for the limited purpose of ensuring ICWA compliance." We agree with the parties that the agency has not properly complied with ICWA and shall conditionally reverse and remand as requested.

Since appellant does not otherwise challenge the termination order, there is no need to recite the facts supporting the order. Suffice it to state that appellant reported

1

possible Indian ancestry of the minor at the detention hearing and by filing an ICWA-020 form. Thereafter the agency served on the Bureau of Indian Affairs (BIA) notice of the child custody proceedings on the standard ICWA-030 form. However, the form contains virtually no information concerning the minor's parents, grandparents or other relatives, despite the fact that the agency had some of that information in its possession, and the record does not indicate that any effort was made to obtain additional information as it was required to do. (*In re C.D.* (2003) 110 Cal.App.4th 214, 225.) "The notice sent to the BIA . . . must contain enough information to be meaningful. [Citation.] The notice must include: if known . . . names and addresses of the child's parents, grandparents, great grandparents, and other identifying information." (*In re Francisco W.* (2006) 139 Cal.App.4th 695, 703.)

Since the notice sent by the agency indisputably was deficient, we shall adopt the remedy of conditional reversal and remand approved in *In re Francisco W.* and many other cases. The judgment terminating parental rights is reversed and the case is remanded to the juvenile court with directions to order the agency to comply with the notice provisions of ICWA and to file all required documentation with the juvenile court for the court's inspection. If, after proper notice, a tribe claims the minor is an Indian child, the juvenile court shall proceed in conformity with all provisions of ICWA. If, on the other hand, no tribe claims that minor is an Indian child, the judgment terminating parental rights shall be reinstated.

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.